# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48141-3 -II |
| Respondent, | |
| v. | |
| JOSHUA NEAL HENSLEY, | |
| Appellant. | Consolidated with |
| In the Matter of Two Personal Restraint Petitions of | Nos.  48168-5-II<br>and<br>48170-7-II |
| JOSHUA NEAL HENSLEY, | |
| | UNPUBLISHED OPINION |
| Petitioner. | |

WORSWICK, J. — Joshua Hensley appeals the sentencing court's denial of a motion to modify his judgment and sentence.  Hensley pleaded guilty to one count of second degree possession of depictions of minors engaged in sexually explicit conduct.  Hensley argues, and the State concedes, that the sentencing court erred when it refused to modify a community custody condition prohibiting contact between Hensley and all minor children, including his biological children.  Hensley specifically argues that the sentencing condition deprives him of his fundamental right to parent.  We accept the State's concession, reverse, the sentencing court's order, and remand for proceedings consistent with this opinion.[1]

---

[1] Hensley also seeks waiver of appellate costs, but the State maintains it will not be seeking costs.

FACTS

After Hensley pleaded guilty to one count of second degree possession of depictions of minors engaged in sexually explicit conduct, the sentencing court imposed a condition of community custody, which stated, "The defendant shall have no contact with minor-aged children without prior approval from the Community Corrections Officer and treatment provider." Clerk's Papers at 38. After sentencing, Hensley filed a motion for relief from judgment seeking to have the community custody condition modified to allow Hensley to have contact with his own biological minor children. The sentencing court denied the modification:

> I'm denying the motion because in your case there is an indication in the affidavit of probable cause that there was child pornography on your laptop computer and that you downloaded all types of pornography. Therefore, I find that you are a threat to those children, and I'm not going to allow—I'm not going to amend the Judgment and Sentence to reflect that you can have contact with your children.

Verbatim Report of Proceedings (July 29, 2015) at 4. Hensley now appeals the sentencing court's denial of his request to modify the no contact condition.[2]

ANALYSIS

Hensley argues, and the State concedes, that the sentencing court erred by imposing a community custody condition that prohibits him from having contact with minor children because the condition interferes with his fundamental constitutional right to parent. We agree.

---

[2] On September 29, 2010, the sentencing court sentenced Hensley to 15 months confinement, plus 36 months community custody, for a total of 51 months. The court gave Hensley credit for 104 days served. By our calculations, even if Hensley served his entire sentence, his period of community custody would have expired mid-September 2014—well before Hensley moved to modify the condition. For reasons not explained to us, Hensley, the State, and the sentencing court proceeded as though Hensley was still bound by the community custody no-contact condition. Although this case may be moot, we address Hensley's issue in an abundance of caution.

2

The Sentencing Reform Act of 1981 authorizes the sentencing court to impose crime-related prohibitions. RCW 9.94A.505(8). We review impositions of crime-related prohibitions for abuse of discretion. *State v. Ancira*, 107 Wn. App. 650, 653, 27 P.3d 1246 (2001). A court abuses its discretion when the decision is manifestly unreasonable or based on untenable grounds or untenable reasons. 107 Wn. App. at 653. A sentencing condition that infringes on a constitutional right, such as a parent's right to his children, "must be 'sensitively imposed'" so that [the condition is] "'reasonably necessary to accomplish the essential needs of the State and public order.'" *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374, 229 P.3d 686 (2010) (quoting *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008). Any "crime-related prohibitions affecting fundamental rights must be narrowly drawn" and "[t]here must be no reasonable alternative way to achieve the State's interest." *Warren*, 165 Wn.2d at 34-35.

Sentencing courts can restrict fundamental parenting rights by conditioning a criminal sentence if the condition is reasonably necessary to further the State's compelling interest in preventing harm and protecting children. *State v. Corbett*, 158 Wn. App. 576, 598, 242 P.3d 52 (2010) (condition that prohibited contact with all minor children, including defendant's own biological children was valid when defendant had molested a child he parented). Conversely, courts will vacate contact prohibition conditions where they are not sufficiently related to the harm they seek to prevent, such as protecting a child. *See State v. Letourneau*, 100 Wn. App. 424, 438, 997 P.2d 436 (2000) (a condition prohibiting defendant who pleaded guilty to second degree child rape from contact with her biological minor children was not reasonably necessary to prevent her from harming them because there was no evidence that she posed a danger of molesting her children).

Here, Hensley argues that the sentencing court did not find that the prohibition was reasonably necessary to protect children and did not consider any less restrictive alternatives to achieve the State's objective of protecting children. The State concedes that the sentencing court erred by imposing the condition because there was no evidence that Hensley is a threat to his own children.

We agree with Hensley and the State that there is no evidence that Hensley is a threat to his own children. Hensley's biological children were not victims of his crime and were not pictured in any pornography on Hensley's computer. *See Ancira*, 107 Wn. App. at 654-57. There is no evidence that the condition prohibiting Hensley's contact with his children is reasonably necessary to protect Hensley's children from harm.

Thus, we reverse and remand to the sentencing court to first consider whether Hensley remains on community custody, and, if so, to strike the community custody condition prohibiting contact with his minor children.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, A.C.J.

_____
Lee, J.

4